## Jacob Stark and Western State Bank v. J. A. Crismore and L. C. Pratt.

1. MECHANICS' LIENS—*Decree Where a Defendant's Interest in the Premises as Mortgagee is Not Shown on the Hearing.*—Where it is not shown on the hearing that a defendant has a mortgage upon the premises it is unnecessary to make any mention of it or to find separately the value of the ground and the improvements.

Mechanic's Lien.—Error to the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

This proceeding was a petition for a mechanic's lien filed by Crismore & Pratt, defendants in error, against Jacob Stark and The Western State Bank, the plaintiffs in error, and others, seeking to enforce a claim for mill work furnished for a building constructed for Stark.

The contract, which was in writing, provided that the material should be delivered complete by the 15th day of April, 1898. The delivery was not in fact completed until about the 9th of June, of that year.

The petitioners claimed before the master that they were delayed in their work by a strike of the carpenters at work on the building, and that Stark directed them not to furnish any more of the mill work until notified by him to do so. This is denied by Stark, who testified there was no strike.

About the last of April, Stark notified Crismore & Pratt in writing that he should claim damages for the delay caused by them, and they threatened to abandon the contract unless he would waive such damages. This they testified he agreed to do if the material should be delivered promptly thereafter. Stark's evidence was that he only agreed to do so in case they would complete their contract, then two weeks overdue, within three days. Stark claims that there was great delay afterward, and that he lost at least three months' rent at $50 per month.

Stark also insists that portions of the mill work were very defective, and did not conform to the plans and speci-

Blah v. West Chicago St. Ry. Co.

fications, and that certain doors charged as extras, were in fact furnished to replace others previously delivered and rejected on account of not conforming to the specifications.

The master found in favor of the appellees to the amount of $246.50. Upon exceptions thereto the court reduced the amount to $196.50, and a decree was entered accordingly, to reverse which this writ of error was sued out.

SAMUEL M. BOOTH, attorney for plaintiffs in error.

J. W. SUTTON, attorney for defendants in error; WM. E. HUGHES, of counsel.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It not having been shown upon the hearing that the Western State Bank had any mortgage upon the premises it was unnecessary to make, in the decree, any mention thereof, or to find separately the value of the ground and the improvements, and apportion its and the complainants' lien. The abstract shows mention in the bill of a mortgage, only by the allegation that certain parties "have or claim interest in the premises;" this is not sufficient to, with the answer setting up a claim by way of mortgage, dispense with proof thereof.

It may be that the plaintiff in error Stark should have been allowed damages for delay, or for defective material, or because certain doors were not by one-fourth of an inch as thick as the specifications demanded, but the evidence is not such that we ought to overturn the decree of the court in this regard and it is affirmed.